IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| Treva Thompson, | ) | |
|     *et al.,* | ) | |
| | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:16-CV-783-ECM-SMD |
| | ) | pending in the Middle District |
| JOHN H. MERRILL, in his official | ) | |
| capacity as Secretary of State of | ) | |
| Alabama, *et al.,* | ) | |
| | ) | |
|     *Defendants*. | ) | |

**MOBILE COUNTY BOARD OF REGISTRARS' EMERGENCY MOTION TO QUASH SUBPOENAS**

Counsel for the Plaintiffs in this case issued, but has not served, two subpoenas directed to non-party Mobile County Board of Registrars (the "Board") dated July 1, 2010: (1) a subpoena commanding a representative of the Board to sit for a deposition on July 16, 2020 at 1:30 p.m. and (2) a subpoena commanding the Board to produce certain documents, information or objects by July 20, 2020 at 5:00 p.m.[1] The case is pending in the Middle District of Alabama, but the subpoena is to be enforced in Mobile. Pursuant to Rule 45(d)(3) of the Federal Rules of Civil

---

[1] Copies of the subpoenas and accompanied attachments are attached hereto as Exhibit 1 and Exhibit 2, respectively.

1

Procedure, the Board, by and through undersigned counsel, respectfully moves the Court to quash or modify Plaintiffs' subpoenas.

The subpoenas are not binding on the Board as a matter of law because they have not yet been properly served on the Board as required under Rule 45(b)(1) of the Federal Rules of Civil Procedure. *See* Ex. 3, Declaration of Judy Motlow, at ¶ 5. The Board first learned of the subpoenas via a telephone call from Plaintiffs' counsel on Friday, July 10, 2020. *See id.* at ¶ 4. Thereafter, on Sunday, July 12, 2020, copies of the subpoenas were sent by email to the Board's counsel. Unless and until the subpoenas are properly served on the Board, the Board maintains it is not required to comply with the commands therein.

Nevertheless, in anticipation of proper service and in light of the dates specified in the subpoenas for compliance, the Board seeks an order from the Court quashing or modifying the subpoenas to ensure its interests are protected.[2] First, the subpoenas fail to allow a reasonable time to comply. FED. R. CIV. P. 45(d)(3)(A)(i). The subpoenas (1) command a designated representative of the Board to appear and testify at a deposition this Thursday, July 16, 2020, and (2) command the production of various documents and electronically stored information by next Monday, July

---

[2] The Board initially sought an Order quashing these subpoenas in the Middle District; however Magistrate Judge Doyle issued an Order today holding that because the representative is being designated in Mobile and the documents sought are being gathered in Mobile, that this court is the correct forum for this motion. See Doc. 234 in case 2:16-CV-783-ECM-SMD.

20, 2020. The *later* of these two deadlines is less than a week away and the subpoenas have still not yet been properly served. As to the more immediate requirement, the Board cannot be reasonably expected to designate and prepare a representative to testify at a deposition on, at most, a few days' notice, in a case to which it is not even a party. Likewise, the Board cannot adequately search for any responsive materials and conduct a proper review of those materials for any confidentiality or privilege concerns in less than a week.

Second, attempting to comply with the subpoenas within the time periods provided would subject the Board to undue burden. FED. R. CIV. P. 45(d)(3)(A)(iv). As the Court is aware, today is Alabama's primary runoff election. The Board is exceptionally busy on election day and in the week after as it has important duties to fulfill. *See* Ex. 3 at ¶¶ 7-8. Simply put, the Board does not have the time or resources to have one of its representatives prepare and sit for a deposition or to conduct significant document review in the middle of an election week, particularly on short notice in a matter to which it is not even a party. *See id.* at ¶ 9.

Finally, even if Plaintiffs' subpoenas provided adequate time for compliance and did not impose undue burden on the Board in the middle of an election week, the Plaintiffs' notice of deposition to the Board fails to "describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). This omission makes it impossible for the Board to identify the most appropriate person(s) to

designate or ensure its representative would be prepared to provide the information being sought.

For the above reasons, the Board asks the Court to enter an order quashing Plaintiffs' subpoenas or, in the alternative, modifying the subpoenas to provide the Board reasonable time to comply after election week has concluded and requiring Plaintiffs' to amend their notice of deposition to specify with particularity the matters for examination.

Respectfully submitted by,

s/ *Todd D. Engelhardt*

Todd D. Engelhardt (ASB-8939-T67D)
ADAMS AND REESE LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL 35203
(205) 250-5000
todd.engelhardt@arlaw.com

Jay Ross (ASB-6378-O69J)
ADAMS AND REESE LLP
11 North Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234
jay.ross@arlaw.com

*Attorneys for Mobile County Board of Registrars*

## CERTIFICATE OF SERVICE

I certify that on July 15, 2020, I filed the foregoing document electronically the CM/ECF system, which will automatically serve all counsel of record.

/s/ *Todd D. Engelhardt*
OF COUNSEL

# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

| | |
|---|---|
| Treva Thompson, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:16-cv-783-ECM-SMD |
| John Merrill, in his official capacity as Secretary of State of Alabama, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Mobile County Board of Registrars
151 Government Street, Room 165, Mobile, AL 36602
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See attachment.

| Place: Conducted remotely. See attachment for further instructions. | Date and Time: 07/16/2020 1:30 pm |
|---|---|

The deposition will be recorded by this method: Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7\1\20

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Treva Thompson, Darius Gamble, Greater Birmingham Ministries (Plaintiffs)                     , who issues or requests this subpoena, are:

Jonathan Diaz, 1101 14th Street NW, Ste. 400, Washington, DC 20005, jdiaz@campaignlegalcenter.org, 954-699-9899

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| TREVA THOMPSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | **2:16-cv-783-ECM-WMD** |
| | ) | |
| JOHN MERRILL, in his Official Capacity | ) | |
| as Secretary of State of Alabama, et al., | ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF DEPOSITION OF MOBILE COUNTY BOARD OF REGISTRARS

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, counsel for Plaintiffs in the above-captioned action will take the deposition of a representative of the Mobile County Board of Registrars, upon oral examination. The deposition will commence at 1:30 p.m. on July 16, 2020, or such other date and time mutually agreed upon by the parties. The deposition will occur remotely, via Zoom, Skype, or such other videoconferencing system mutually agreed upon by the parties. Specific instructions on how to access the videoconference will follow at a later date. The deposition will be recorded stenographically by a certified court reporter and will continue according to a schedule mutually agreed upon by the parties until completed.

Dated: July 1, 2020

Respectfully submitted,

/s/ Jonathan Diaz

| | | |
|---|---|---|
| Danielle Lang | Jason Hipp | Jessica Ring Amunson |
| Mark Gaber | Jenner & Block LLP | Jennifer Yun |
| J. Gerald Hebert | 919 Third Avenue | Jenner & Block LLP |
| Molly Danahy | New York, NY 10022 | 1099 New York Ave. NW, |
| Jonathan Diaz | (212) 407-1784 | Ste. 900 |
| Campaign Legal Center | | Washington, DC 20001 |
| 110 114th St. NW, Ste. 400 | | (202) 736-6000 |

Washington, DC 20005
(202) 736-2200

J. Mitch McGuire
McGuire & Associates, LLC
31 Clayton Street
Montgomery, AL 36104
(334) 517-1000

James U. Blacksher
P.O. Box 636
Birmingham, AL 35201
(205) 591-7238

Pamela Karlan
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
(650) 725-4851

Armand G. Derfner
Derfner & Altman
575 King Street, Suite B
Charleston, S.C. 29403
(843) 723-9804

Aderson B. Francois
Institute for Public
Representation
Georgetown University Law
 Center
600 New Jersey Avenue NW
Washington, DC 20001
(202) 662-6721

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Pursuant to an agreement memorialized in the Report of the Parties' Planning Meeting, electronic service is acceptable for this document. I hereby serve a copy of the foregoing document on Winn Sinclair and Misty Fairbanks Messick, counsel for Defendants, via email on this 1st day of July 2020.

/s/ Jonathan Diaz
Jonathan Diaz
Counsel for Plaintiffs

**EXHIBIT 2**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

| | |
|---|---|
| Treva Thompson, et al., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:16-cv-783-ECM-SMD |
| John H. Merrill, in his Official Capacity as Secretary ) | |
| of State of Alabama, et al., ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Mobile County Board of Registrars
                 151 Government Street, Room 165, Mobile, Alabama, 36602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment with detailed subpoena information.

| Place: See attachment with detailed subpoena information. | Date and Time: |
|---|---|
| | 07/20/2020 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/01/2020

                 *CLERK OF COURT*
                                                    OR

     _____          _____
      *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Treva Thompson, et al. _____ , who issues or requests this subpoena, are:

Jonathan Diaz, 1101 14th St. NW, Suite 400 Washington, DC 20005, jdiaz@campaignlegalcenter.org, (202) 868-4758

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| Treva Thompson, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> John H. Merrill, in his Official Capacity as Secretary of State of Alabama, *et al.*, <br><br> Defendants. | Civil Action No. 2:16-cv-783-ECM-SMD |

**APPENDIX TO SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION,
OR OBJECTS DIRECTED TO MOBILE COUNTY BOARD OF REGISTRARS**

To:    Mobile County Board of Registrars
       151 Government Street, Room 165
       Mobile, Alabama, 36602
       (251) 574-8586

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action, by and through their attorneys, hereby request that the Custodian of Records for the Mobile County Board of Registrars produce all documents described below.

The documents or written responses produced pursuant to this subpoena are to be made available for inspection and copying by Plaintiffs' Counsel at the offices of J. Mitch McGuire, McGuire & Associates, LLC, 31 Clayton Street, Montgomery, AL 36104 no later than 5:00 p.m. on July 20, 2020. Alternatively, electronic copies of the documents may be sent via FTP transfer, encrypted drive, or via email to the attention of Danielle Lang, Campaign Legal Center, 1101 14th Street NW, Ste. 400, Washington, DC 20005, dlang@campaignlegalcenter.org.

## **DEFINITIONS**

1. The terms "You," "Your," and "Yours" as used herein refer to the Mobile County Board of Registrars and any and all predecessor or successor agencies, employees, and agents, and all other persons acting or purporting to act on behalf of the foregoing.

2. The terms "document" or "documents" as used herein shall mean both "documents" and "things" and includes, without limitation, tangible things and any information containing paper or other medium or materials whether handwritten, printed, recorded, filmed, or produced by any other mechanical, chemical, or electronic process, including e-mail and all other electronic/digital documents, in the broadest understanding of the term "documents" in the Federal Rules of Civil Procedure, whether or not asserted to be privileged or immune from discovery, and whether a draft, original or copy, including any notes or marginal notations appearing on any document, including self-stick removable notes, and includes every writing or record of every type and description that is or ever has been in the possession, custody, or control of you or your agents, or of which you have knowledge.

## <u>INSTRUCTIONS</u>

1. The responsive documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure.

2. If any part of the request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified.

3. Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

4. The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of your locations, offices, or in archives or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

5. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, predecessors, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

6. Any reference in these document request to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants, and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors and/or successors-in-interest.

7. Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

8. In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document.

9. If any requested document, is not or cannot be produced in full, you shall produce it to the extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

10. Each document produced must include all attachments and disclosures.

11. Documents attached to each other shall not be separated.

12. Documents not otherwise responsive to these requests shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute transmittal memoranda or letters, comments, evaluations, or similar documents.

13. In accordance with Federal Rules of Civil Procedure 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the documents were produced.

14. Each request shall be responded to separately. Nevertheless, a document or information that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

15. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

16. If any document requested herein was at one time in existence, but has been lost, discarded, destroyed, transferred to others not subject to your control, or otherwise disposed of, you shall furnish a list identifying each such document and setting forth the following information with respect to each such document: its date, author(s), sender(s), addressee(s) and recipient(s), subject matter, length, attachments, and location in which it was maintained. In each instance, explain the circumstances of its loss, discarding, or destruction, including the person(s) responsible for authorizing the disposition and the date thereof, and provide a description of your efforts to locate the document and copies of it.

17. No part of a request may be left unanswered merely because an objection is interposed to another part of the document request. If you object to any request or subpart thereof, you must state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

18. If you contend that it would be unduly burdensome to obtain and provide all of the documents or information called for in response to these requests, or any portion thereof, then in response to each such request you shall:

   a. Produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

   b. Set forth the particular grounds on which you contend that additional efforts to obtain such documents and information would be unduly burdensome.

19. If any document is withheld under any claim of privilege, including without limitation, the work-product doctrine, attorney-client privilege, or investigative or law enforcement privilege, your answer should provide the following with respect to such information:

a. The type of document, i.e., "letter," "email," "memorandum," "report," "miscellaneous note," etc.;

b. The date of the document;

c. The names of its author(s) or preparer(s) and an identification by employment and title of each such person;

d. The name of each person who was sent or furnished with, received, viewed or has had custody of the document or a copy thereof together with an identification of each such person;

e. Its title and reference, if any;

f. A description of the document sufficient to identify it without revealing the information for which privilege is claimed;

g. The type of privilege asserted;

h. A description of the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim for privilege; and

i. The paragraph of this request to which the document relates.

20. Any requests propounded in the disjunctive shall also be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall also be read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

21. These requests cover the period from January 1, 2015, to the present, unless otherwise indicated. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated or received prior to this period.

## REQUESTS FOR PRODUCTION

I.     YOU ARE COMMANDED, pursuant to Federal Rule of Civil Procedure 45, to produce to McGuire & Associates LLC, 31 Clayton Street, Montgomery, AL 36104, by July 20, 2020, the following documents, electronically stored information, or objects, and to permit inspection or copying of the same:

1.  All documents and communications regarding the effect, scope, interpretation, implementation, of the Definition of Moral Turpitude Act of 2017 ("HB 282"), also known as House Bill 282, HB 282, or Act No. 2017-378, or otherwise related to the Mobile County Board of Registrars' activities, responses, reactions, duties, and functions related to HB 282, including  but not limited to:

    a.  instructions regarding the implementation of HB 282 prepared or received by the Mobile County Board of Registrars or any employees thereof;

    b.  public announcements, press releases, official or unofficial statements, public guidance, and/or other forms of communication regarding HB 282 or the implementation thereof, or otherwise related to the disqualification or non-disqualification, the registration or non-registration, or otherwise related to the effect of a felony conviction on voter registration;

    c.  training or guidance materials regarding HB 282 and/or the registration to vote of citizens with prior felony convictions, whether formal or informal;

    d.  documents or materials provided to, prepared for, or directed at any current, former, potential, potentially disqualified, or disqualified voter in Alabama regarding or related to HB  282 and/or the registration of citizens with felony convictions, and any documents or materials that contain or describe training,

guidance, or otherwise describe the method, means, and/or circumstances in which a citizen with a felony conviction may register to vote;

2. All documents and materials regarding the disqualification of citizens with felony convictions involving moral turpitude from 2016 to the present;

3. All documents and materials regarding the restoration of voting rights or voter registration for citizens after August 1, 2017 who were denied the right to register to vote, or to vote, on the basis of a disqualifying felony conviction prior to August 1, 2017.

4. Documents sufficient to show records of all communications—whether oral or written—regarding the understanding of disqualifying felonies before August 1, 2017, including but not limited to:

   a. Training, education, and guidance materials on which felonies disqualified an applicant and/or how to assess a felony's severity;

   b. Requests for clarification on voter eligibility based on whether a felony is disqualifying, and responses to those requests;

   c. Communications regarding the approval or rejection of an application for the restoration of voting rights, on the basis of a qualifying or disqualifying felony;

   d. Communications to any applicant, or policy or guidance materials regarding communications to applicants, regarding whether a felony is disqualifying.

5. Documents sufficient to show records of all communications—whether oral or written—regarding the understanding of disqualifying felonies under HB 282, or otherwise related to such understanding on or after August 1, 2017, including but not limited to:

    a.   Training, education, and guidance materials on which felonies disqualified an applicant or how to assess a felony's severity;

    b.   Requests for clarification on voter eligibility related to HB 282, and responses to those requests;

    c.   Communications regarding the approval or rejection of an application for the restoration of voting rights, on the basis of a qualifying or disqualifying felony;

    d.   Communications to any applicant, or policy or guidance materials regarding communications to applicants, regarding HB 282;

6.  All documents and communications in your possession, custody, or control that relate in any way to forwarding the address of a registered voter with a non-disqualifying felony conviction(s) or a voter registration applicant with a disqualifying felony conviction(s) who owes or owed court imposed legal financial obligations, including fines, fees, and/or restitutions, to any law enforcement agency, including but not limited to any email, text message, voice mail, letter, or written communications.

7.  All documents and communications in your possession, custody, or control that relate in any way to rejections or denials of voter registrations and all cancellations or removals of voter registrations because of an attempted registrant or registrant's felony conviction, including but not limited to any email, text message, voice mail, letter or other written communications.

8.  All documents and communications in your possession, custody, or control that relate in any way to "unregistered" voters who submitted voter registration forms, but never appeared on the state's voter rolls and were also never formally rejected, including

but not limited to any email, text message, voice mail, letter or other written

communications.

To the extent responsive records rely on administrative or electronic codes, provide information

to understand those codes, such as the name and description of the fields in the data and a

description of each code, including, where applicable, any documents, communications, or things

related to the means by which a particular code was assigned to an applicant or voter, to the

extent not otherwise included in your response to this requires.


Electronic information in its original format is preferred.

DATED: July 1, 2020

Respectfully submitted,

/s/ Jonathan Diaz_____
Jonathan Diaz
*Counsel for Plaintiffs*

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Treva Thompson, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:16-CV-783-ECM-SMD |
| JOHN H. MERRILL, in his official capacity as Secretary of State of Alabama, *et al.*, | ) ) ) ) ) | |
| *Defendants*. | ) | |

## DECLARATION OF JUDY MOTLOW

1.      My name is Judy Motlow. I am the Chairman of the Mobile County Board of Registrars (the "Board"). I am over the age of 19; I am qualified to give this declaration; and I have personal knowledge of the matters set forth herein.

2.      I have served in my current position with the Board since October 2019.

3.      There are three Members of the Board, as well as four Clerks and an Office Manager.

4.      On Friday, July 10, 2020, the Board learned through a telephone call from Plaintiffs' counsel that two subpoenas directed to the Board were issued on

1

July 1, 2020: a subpoena commanding a representative of the Board to sit for a deposition on July 16, 2020 at 1:30 p.m. and a subpoena commanding the Board to produce certain documents, information, or objects by July 20, 2020 at 5:00 p.m.

5.     As of July 13, 2020, copies of the subpoenas have not been delivered to the Board in person.

6.     On July 14, 2020, Alabama's rescheduled primary runoff elections are being held.

7.     In my experience, the Board is exceptionally busy on Election Day. We receive phone calls from election officials and voters all day, and our office is open 7 a.m. to 7 p.m., as the polls are. We receive a significant amount of phone calls throughout the day regarding voter registration matters that require immediate attention and response. For example, we receive a lot of phone calls from persons that have appeared at the polls to vote and do not appear on the voter registration list for that polling place, either because they are not registered to vote in Mobile County or because they are at the wrong polling place.

8.     For the week after Election Day, the Board is equally busy with post-election matters. First, the Board must review provisional ballots to ascertain whether they were cast by a registered voter. (Only Board members can work on the provisional ballots; the clerks may not.) Second, persons who cast their ballots provisionally because they did not have a photo ID at the polls or did not enclose

2

one with their absentee ballot when required to do so, may bring their photo ID to the Board's office by 5 p.m. on the Friday following the election to cure the deficiency. Third, persons who cast their ballots provisionally because they do not have a compliant photo ID can come to our office to have one made to meet the Friday deadline. Fourth, the Board processes the voter registration updates completed at the polls. This occurs when voters who have moved within the county but not updated their voter registration then appeared at their new polling place and cast a provisional ballot there. Fifth, our office is responsible for entering voter history after the election, *i.e.,* recording that a voter participated in the election. While this does not need to be done before the provisional ballots are counted on the Tuesday following the election, it does need to be done promptly.

9.     In my judgment, due to the Board's election and post-election duties, it will not be able to reasonably respond to Plaintiffs' subpoena for the production of documents, information or objects within the time provided and, for the same reasons, any appropriate representative for the Board cannot realistically sit for a deposition until at least July 24, 2020.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 14, 2020.**

_Judy Motlow_
Judy Motlow

3